**UNITED STATES of America, Plaintiff–Appellee**

v.

**Arturo SALINAS–MORIN, Defendant–Appellant.**

**No. 13–40997 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 25, 2014.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Philip J. Lynch, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Arturo Salinas–Morin appeals his bottom-of-the-guidelines 30–month sentence imposed following his guilty plea conviction for being found unlawfully present in the United States. Salinas argues that his guidelines sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

While asserting that his counsel's arguments made in support of a nonguideline sentence in the district court preserved the substantive reasonableness issue for appellate review, Salinas acknowledges that this court requires a post-sentence objection and states that he is preserving this argument for possible review by the Supreme Court. Because Salinas did not object in the district court to the substantive reasonableness of the sentence imposed, his arguments are subject to plain error review. *United States v. Peltier,* 505 F.3d 389, 391 (5th Cir.2007); *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).

Salinas contends that his sentence is not reasonable as measured by the Section 3553(a) factors because it is essentially only a trespass offense. We have rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is simply a non-violent international trespass offense. *See United States v. Aguirre–Villa,* 460 F.3d 681, 683 (5th Cir. 2006).

Another assertion made by Salinas is that his guideline range should not have been increased based on his prior conviction due to the lack of empirical support for U.S.S.G. § 2L1.2, the guideline resulting in his increased offense level. We

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have determined that the presumption of reasonableness is applicable to a sentence calculated under U.S.S.G. § 2L1.2 despite the fact that this Guideline was not empirically grounded. *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir. 2009); *United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008).

Further, Salinas argues about the increase of his offense level based on his minor drug-delivery conviction, which was more than 15 years old and did not result in the assignment of any criminal history points. This argument is without merit because we have determined that the age of a prior conviction used to enhance the defendant's offense level does not render a guidelines sentence substantively unreasonable. *See United States v. Rodriguez,* 660 F.3d 231, 234 (5th Cir.2011).

Additionally, Salinas asserts that too little consideration was given to the fact that he committed the drug offense in his youth and the fact that the increase of his offense level was unnecessary to meet the goal of deterrence of future crimes. He contends that the district court also failed to give proper weight to the mitigating factors that he lived in the United States since he was a child, he returned to the United States to be with his family, and the information that Salinas's family had agreed to return to Mexico with him. The failure to consider the defendant's cultural assimilation and his benign motive for reentry are not grounds for rendering a sentence substantively unreasonable or for eliminating the presumption of innocence. *See United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir.2008).

The district court did consider the mitigating circumstances presented by Salinas, but it placed greater weight on Salinas's three prior deportations and reentries and his failure to be deterred by his prior 18–month sentence for illegal reentry. Sali-

nas has not shown that the district court failed to give proper weight to any particular Section 3553(a) factor or that his sentence represents a "clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009). Instead, he is essentially asking this court to reweigh the Section 3553(a) factors, which we may not do. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Salinas has failed to show that his 30–month guidelines sentence is substantively unreasonable and, therefore, there is no reversible plain error.

The sentence is AFFIRMED.